UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>CITY CAPITAL CORPORATION, EPHREN W. TAYLOR, II and WENDY JEAN CONNOR,<br><br>Defendants. | Case No. 1:12-cv-1249-WSD |

## AGREED PARTIAL JUDGMENT AS TO DEFENDANT WENDY JEAN CONNOR

The Securities and Exchange Commission filed a Complaint, and DefendantWendy Jean Connor ("Defendant")entered a general appearance, consented to the Court's jurisdiction over Defendant and over the subject matter of this action, consented to the entry of this Agreed Partial Judgment ("Agreed Judgment"), waived findings of fact and conclusions of law, and waived any right to appeal from this Agreed Judgment. Accordingly:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active

concert or participation with them who receive actual notice of this Agreed Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, or aiding and abetting violations of, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained

and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by selling or offering to sell any security through the use of a prospectus or otherwise, unless a registration statement is in effect as to the security.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys-in-fact and all other persons in active concert or participation with him who receives actual notice of this Agreed Judgment by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from, directly or indirectly, engaging in the business of effecting transactions in securities for his own account or the account of others, and while making use of the mails or any means or instrumentality of interstate commerce, to effect transactions in, or to induce or attempt to induce the purchase or sale of securities in the form of investment contracts, or any other security (other than an exempted security or commercial paper, banker's acceptances or commercial bills), unless and until she is registered with the Commission as a broker or dealer in accordance with Section 15(b) of the Securities and Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78o(b)], or is otherwise exempt from registration pursuant to Section 15(a) of the Exchange Act [ 15 U.S.C. § 78o(a)].

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15

U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission in accordance with the motion practice and briefing schedule as set forth in the local rules of this Court. Prejudgment interest shall be calculated from November 1, 2010, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that she did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Agreed Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

VII.

The Consent is incorporated herein with the same force and effect as if fully set forth herein, and Defendant shall comply with all of the undertakings and agreements set forth therein.

VIII.

This Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Agreed Judgment.

//

//

//

//

//

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Agreed Judgment forthwith and without further notice.

_____
UNITED STATES DISTRICT JUDGE

Approved as to form:

*[signature]*

James D. Williams, Jr.
Law Offices of James D. Williams, Jr. PA
3400 Croasdaile Drive, Suite 205
Durham, NC 27705
ATTORNEY FOR DEFENDANT
WENDY JEAN CONNOR

*s/ Jennifer D. Brandt*
Jennifer D. Brandt, Esq.
United States Securities and Exchange Commission
801 Cherry Street, Suite 1900
Fort Worth, TX 76102
Ph: (817) 978-6442
Fax: (817) 978-4927
*brandtj@sec.gov*
ATTORNEY FOR PLAINTIFF
SECURITIES AND EXCHANGE COMMISSION