UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, : : : Plaintiff, : vs. : : CITY CAPITAL CORPORATION, EPHREN W. TAYLOR, II and WENDY JEAN CONNOR, : : : : Defendants. : | Case No. 1:12-cv-1249-WSD |

**FINAL JUDGMENT BY DEFAULT**
**AS TO DEFENDANT CITY CAPITAL CORPORATION**

This matter is before the Court on Plaintiff's Motion for Default Judgment Against Defendant City Capital Corporation ("Defendant"). The Court, having considered the pleadings, records, and proceedings herein, enters the following findings of fact and conclusions of law:

1. The Commission's Complaint was filed on April 4, 2012.

2. Defendant was served with the Summons and Complaint on December 6, 2012. The Commission caused the affidavit of service to be filed with this Court on December 13, 2012.

3. Defendant is not a natural person, and therefore is not an infant or incompetent, and is not currently serving in the United States military or eligible for relief under the Soldiers' and Sailors' Civil Relief Act of 1940 [50 U.S.C. Appendix, § 501 *et seq*.].

4. Defendant has not filed an answer to the Commission's Complaint, or otherwise responded, and has not taken any action indicating an intent to defend this action.

5. The United States District Clerk entered default against Defendant on January 14, 2013.

6. The Commission is entitled to entry of a final judgment of permanent injunction against Defendant for violating Sections 5(a), 5(c) and 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e(a), (c), and 15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5].

7. The District Court has broad discretion to determine whether to order disgorgement and, if so, to calculate the amount to be disgorged. Disgorgement only is required to be a reasonable approximation of profits causally connected to the violation.

8. The Commission has met its burden of presenting evidence reasonably

approximating the amount of ill-gotten gains.

9. The appropriate amount of disgorgement to be assessed against Defendant is the total amount of illicit profits or gains received from illicit activity. According to the Commission's reasonable approximation based upon Defendant's records produced in this matter, Defendant received $11 million in ill-gotten gains.

10. The IRS underpayment of federal income tax rate as set forth in 26 U.S.C. § 6621(a)(2) is appropriate for calculating prejudgment interest in SEC enforcement actions. That rate of interest reflects what it would have cost to borrow the money from the government and therefore reasonably approximates one of the benefits the defendant derived from its fraud.

11. The Commission is entitled to an Order requiring Defendant to disgorge $11 million, plus prejudgment interest in the amount of $765,672.45, for a total amount of $11,765,672.45, representing the proceeds of Defendant's illegal activity as alleged by the Commission.

12. A civil monetary penalty against Defendant under Section 20(d)(2)(C) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3)(B)(iii) of the Exchange Act [15 U.S.C. § 78u(d)], in the amount of $725,000.00 is appropriate under the facts and circumstances of this case. These provisions authorizes third-tier penalties where the violations involve fraud, deceit, manipulation or deliberate

or reckless disregard of a regulatory requirement and such violations directly or indirectly resulted in substantial losses or created a risk of losses to other persons.

13. In this case, the egregiousness of Defendant's illegal activity, the repeated nature of the violations, and the high degree of *scienter* involved as alleged in the Complaint and established in the record of this case, among other factors, justify the imposition of a third-tier civil penalty.

Accordingly, on the basis of the foregoing findings of fact and conclusions of law,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Final Judgment by Default [27] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant and its agents, servants, employees, attorneys, and all persons in active concert or participation with it who receive actual notice of this Final Judgment by Default by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77e(a) and (c)] unless a registration statement is in effect as to the security.

**IT IS FURTHER ORDERED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of

the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

      (a)    to employ any device, scheme, or artifice to defraud;

      (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading;  or

      (c)    to engage in any transaction, practice, or course of business which operates or  would operate as a fraud or deceit upon the purchaser.

**IT IS FURTHER ORDERED** that Defendant and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by Default by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, or aiding and abetting violations of, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, of the mails, or of any facility of any

national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading;  or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED** that Defendant shall disgorge $11 million, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $765,672.45, and a civil penalty in the amount of $725,000.00 pursuant to Section 20(d)(2)(C) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3)(B)(iii) of the Exchange Act [15 U.S.C. § 78u(d)], for a total amount of $14,490,672.45.  Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified

check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>Enterprise Services Center
>Accounts Receivable Branch
>6500 South MacArthur Boulevard
>Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Defendant's name as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment by Default.

Defendant shall simultaneously transmit evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment by Default.  Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment by Default.

**SO ORDERED** this 7th March, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE